



**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8625

March 16, 2022

**BY ECF**
Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Courtroom 20A
New York, New York 10007

**MEMO ENDORSED**

Re:   *Bronx Freedom Fund v. City of New York., et al,* SDNY, 21 Civ. 10614

Dear Judge Moses:

The Office of the Attorney General ("OAG") has received a request for representation from the following five State Defendants in the above-cited action: (1) Lawrence Marks, Chief Administrative Judge of the State of New York, (2) Deborah Kaplan, Deputy Chief Administrative Judge of the New York City Courts, (3) Alvin Yearwood, Administrative Judge, Criminal Matters, Twelfth Judicial District, (4) Justin Barry, former Chief Clerk of the New York City Criminal Courts, and (5) William Kalish, Bronx County Borough Chief Clerk (collectively, the "State Defendants").

The OAG respectfully requests a stay of the April 12, 2022 Initial Case Management Conference ("Conference") until Judge Cronan has decided the City Defendants' motion to dismiss. *See* ECF 24 and 27. In the alternative, the OAG respectfully requests an adjournment of the Conference to 30 days after the April 1, 2022 deadline for the OAG to determine representation of the State Defendants and to respond to the Complaint. *See* ECF 20. City Defendants joins OAG's request and Plaintiff consents to our request.

**Procedural History and Reason for the Requested Stay or Adjournment of the Conference**

On February 15, 2022, Your Honor so-ordered the OAG's request for an extension until April 1, 2022 to undertake an analysis of representation of the five State Defendants pursuant to Section 17 of the N.Y. Public Officers Law, and then to respond to the Complaint. *See* ECF 20. That process should be concluded shortly. At a minimum, an April 12, 2022 conference will complicate the required "meet and confer" process (due by March 22, 2022), as the OAG may not be able to speak definitively on behalf of any of the State Defendants before April 1, 2022.

Hon. Barbara Moses  
March 16, 2022
Page 2 of 2

     Separately, Judge Cronan granted the City Defendants' leave to file their motion to dismiss on March 2, 2022. *See* ECF 27. Based on the current so-ordered briefing schedule, that motion will be fully briefed on May 16, 2022. *Id.* The OAG respectfully requests a stay of the Conference until Judge Cronan has decided the City Defendants' motion to dismiss. The arguments raised by the City Defendants may prevail, as their pre-motion letter sets out non-frivolous arguments that were made in good faith, particularly that Plaintiff has adequate post-deprivational remedies that would bar relief under Section 1983. *See* ECF 21 at 1-2 and 26 at 1-2. Further, to the extents discovery proceeds, it will be substantial and involve the participation of the City Defendants. Plaintiff will likely seek discovery of "the Class" which is defined as "[a]ll suretors whose cash bail was taken by the New York City Department of Finance without a proper judicial order of forfeiture (the "Class")" and that the Class is "presently unknown to Plaintiff, this information is obtainable from Defendants' records. It is estimated that the Class consists of thousands of depositors and suretors who have had their bail forfeited without a judicial order." ECF 1 at ¶¶ 77-78. Pursuant to Fed. R. Civ. P. 26(c), a district court may stay discovery upon a showing of "good cause." *Thrower v. Pozzi,* 2002 WL 91612 at *7 (S.D.N.Y. Jan. 24, 2002). Based on Fed. R. Civ. P. 26(d), courts in this district have held "that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or…do[es] not appear to be without foundation in law." *In re Currency Conversion Fee Antitrust Litigation,* 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002). Other factors courts consider in weighing whether to grant a stay of discovery include the breadth of discovery and the burden of responding to it, as well as the unfair prejudice to the party opposing the stay. *Anti–Monopoly, Inc. v. Hasbro, Inc.,* 1996 WL 101277, at *2-3 (S.D.N.Y. March 7, 1996).

     Based on the City Defendants' motion, the breadth of discovery, and the still pending representation analysis for State Defendants, good cause exists for a stay. To begin discovery at this point prior to State Defendants having answered or otherwise responded to the Complaint is prejudicial to State Defendants, especially if there are grounds to dismiss as a matter of law. At a minimum, the OAG respectfully requests a stay at least until 30 days after April 1, 2022, but further argues that good cause exists to stay discovery until the resolution of the City Defendants' soon-to-be-pending motion to dismiss.

     Thank you for your time and consideration of this matter.

                              Respectfully submitted,

                              */s/ Shi-Shi Wang*  
                              Shi-Shi Wang  
                              Assistant Attorney General  
                              Shi-Shi.Wang@ag.ny.gov

CC: All Counsel via ECF

> Application GRANTED to the extent that the initial case management conference is hereby ADJOURNED to **May 9, 2022, at 10:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. SO ORDERED.
>
> _[signature]_
>
> Barbara Moses, U.S.M.J.  
> March 16, 2022