



**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8625

April 12, 2022

**BY ECF**
Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Courtroom 20A
New York, New York 10007

**MEMO ENDORSED**

Re:   *Bronx Freedom Fund v. City of New York., et al,* SDNY, 21 Civ. 10614

Dear Magistrate Judge Moses:

The Office of the Attorney General ("OAG") represents the following four State Defendants in the above-cited action: (1) Lawrence Marks, Chief Administrative Judge of the State of New York, (2) Deborah Kaplan, Deputy Chief Administrative Judge of the New York City Courts, (3) Alvin Yearwood, Administrative Judge, Supreme Court, Bronx County, Criminal Term, (4) Justin Barry, former New York City Criminal Court Chief Clerk and current Chief of Administration for the Unified Court System, Office of Court Administration (collectively, the "State Defendants").

On March 16, 2022, Your Honor granted the OAG's request for an adjournment of the Initial Case Management Conference ("Conference") from April 12, 2022 to May 9, 2022. *See* ECF 29. We now write to respectfully request a stay of the May 9, 2022 Conference until Judge Cronan has decided the State Defendants' motion to dismiss, which he allowed State Defendants leave to file on April 7, 2022. *See* ECF 35. Based on the current so-ordered briefing schedule, State Defendants' motion will not be decided until after the motion is fully briefed on June 2, 2022. *Id*. In the alternative of a stay of the Conference, the OAG respectfully requests an adjournment of the Conference to a date at least 30 days after June 2, 2022. The City Defendants join in on State Defendants' request. Plaintiff's counsel and counsel for Defendant William Kalish consent.

**Reason for the Requested Stay or Adjournment of the Conference**

Pursuant to Fed. R. Civ. P. 26(c), a district court may stay discovery upon a showing of "good cause." *Thrower v. Pozzi,* 2002 WL 91612 at *7 (S.D.N.Y. Jan. 24, 2002). Based on Fed. R. Civ. P. 26(d), courts in this district have held "that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or…do[es] not appear to be without foundation in law." *In re Currency Conversion Fee*

*Antitrust Litigation*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); *see also Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127, 130 (2d Cir.1987). Other factors courts consider in weighing whether to grant a stay of discovery include the breadth of discovery and the burden of responding to it, as well as the unfair prejudice to the party opposing the stay. *Anti–Monopoly, Inc. v. Hasbro, Inc.,* 1996 WL 101277, at *2-3 (S.D.N.Y. March 7, 1996).

In this case, the State Defendants' pre-motion letter sets out non-frivolous arguments that were made in good faith, particularly that Plaintiff has adequate post-deprivational remedies that would bar relief under Section 1983. See ECF 30 at 2-3. On April 7, 2022, Judge Cronan granted the State Defendants' leave to file their opening brief by April 28, 2022, Plaintiff's opposition brief due by May 19, 2022 and State Defendants' reply due by June 2, 2022. *See* ECF 35. In addition, if the Court allows discovery in this action, it will be substantial, as Plaintiff seeks discovery of "the Class" which is defined as "[a]ll suretors whose cash bail was taken by the New York City Department of Finance without a proper judicial order of forfeiture (the "Class")" and that the Class is "presently unknown to Plaintiff, this information is obtainable from Defendants' records. It is estimated that the Class consists of thousands of depositors and suretors who have had their bail forfeited without a judicial order." ECF 1 at ¶¶ 77-78. To begin discovery at this point prior to a ruling on State Defendants' motion to dismiss would be prejudicial to State Defendants. All of these factors support a stay or at a minimum a 30-day adjournment of the Conference.

Thank you for your time and consideration of this matter.

Respectfully submitted,

*/s/ Shi-Shi Wang*
Shi-Shi Wang
Assistant Attorney General
Shi-Shi.Wang@ag.ny.gov

CC: All Counsel via ECF

---

Application GRANTED to the extent that the initial case management conference scheduled for May 9, 2022, is ADJOURNED *sine die*. The parties shall contact Judge Moses's chambers within seven days (one week) of the decision on the motion to dismiss to re-schedule the initial conference. SO ORDERED.

Barbara Moses
United States Magistrate Judge
April 18, 2022